IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CYDRIC COLEMAN, ) | |
| ID # 37473-177, ) | |
|     Plaintiff, ) | |
| vs. ) | No. 3:17-CV-1643-C (BH) |
| ) | |
| CORRECTIONAL OFFICER, ) | |
| BOP Coleman II USP, ) | |
|     Defendant. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this pro se case has been automatically referred for pretrial management. Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

**I. BACKGROUND**

The plaintiff initially filed a letter in his closed criminal case requesting an order from the sentencing judge that he be transferred to another facility because he was allegedly physically assaulted and abused by federal correctional officers. (*See* No. 3:10-CR-38-O, doc. 305.) The letter was liberally construed as a civil rights action seeking injunctive relief and opened as a new case on June 20, 2017. (*See* doc. 3.) By *Notice of Deficiency and Order* dated June 22, 2017, the plaintiff was notified that his letter had been construed as a civil rights action, he had not used the proper form for a civil rights action, and he had not paid the filing fee or submitted an application to proceed *in forma pauperis* (IFP). (*See* doc. 4.) Included with the order were copies of the appropriate complaint form and a form IFP application. *See id.* The order specifically advised the plaintiff that he must either pay the filing fee or file his IFP application within thirty days, and that a failure to do so could result in the dismissal of his case. *Id.* More than thirty days from the date of the order have passed, but the plaintiff has not submitted the

appropriate complaint form and paid the filing fee or filed an IFP application.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  The plaintiff failed to comply with the June 22, 2017 order that he submit the appropriate complaint form and pay the filing fee or submit an IFP application despite a warning that failure to do so could result in dismissal of the case.  Because the plaintiff failed to follow a court order or otherwise show that he intends to proceed with this case, it should be dismissed under Rule 41(b) for failure to prosecute or follow orders.

## III.  RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless the plaintiff submits his complaint on the appropriate form and either pays the filing fee or submits his completed application to proceed *in forma pauperis* within the time for objecting to this recommendation, or some other deadline set by the court.

**SO RECOMMENDED on this 10th day of August, 2017.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE